UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| APPALACHIAN VOICES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 11-133-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NALLY & HAMILTON | ) | **&** |
| ENTERPRISES, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Plaintiffs' Motion for Partial Judgment on the Pleadings. [R. 18.] Plaintiffs' seek a declaration that Nally & Hamilton violated its state-issued discharge permit, and as result violated the Clean Water Act (CWA). [*Id.*] Nally & Hamilton disagrees. [R. 21.] For the reasons set forth below, Plaintiffs' Motion will be **DENIED**.

**I.**

The facts in this matter are thoroughly explained in a Memorandum Opinion and Order filed contemporaneously with this Opinion. [R. 33.] For purposes of this instant motion a brief summary is appropriate. Plaintiffs are several environmental organizations whose members enjoy and seek to protect the Commonwealth's waterways. [*See* R. 1.] Nally is a coal mining company that has facilities that discharges certain pollutants into the Kentucky and Cumberland Rivers, and their tributaries. [*Id.*]

The CWA "makes unlawful the discharge of any pollutant into navigable waters except as authorized by specified sections..." *Gwaltney of Smithfield, Ltd. v. Chesapeake*

1

*Bay Foundation, Inc.*, 484 U.S. 49, 52 (1987).  Pursuant to 33 U.S.C. § 1342, the Administrator of the Environmental Protection Agency (EPA) has discretion to issue permits allowing for certain levels of pollutants to be discharged into our Nations' waterways. *Id.*  Each state may establish its own permit program if the program is approved by the Administrator, effectively delegating the responsibility to issue permits to the state.  *Id.*

The Commonwealth has received approval from the Administrator, and issues its own permits in accordance with standards set under the CWA. 48 Fed. Reg. 45597-02 ("Today's Federal Register notice is to announce the approval of the Commonwealth of Kentucky's NPDES program, including its pretreatment program and Federal facilities authority").  To ensure compliance with the permits, permitees are required to submit Discharge Monitoring Reports (DMRs) to the Kentucky Department of Natural Resources, a branch of the Kentucky Energy and Environment Cabinet (Cabinet).  After reviewing DMRs submitted by Nally, Plaintiffs mailed a notice letter to Nally, notifying it of violations and their intent to sue. [*Id.*]  Plaintiffs sent several copies of the letter to the Cabinet and other state environmental agencies. [*See id.*]

Soon after, the Cabinet brought claims against Nally for its violations in a state administrative proceeding, which, to this Court's knowledge, is still ongoing.  Plaintiffs filed this instant action on May 10, 2011 pursuant to the citizen-suit provision of the CWA, 33 U.S.C. § 1365(a)(1). [R. 1.]

## II.

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings, "[a]fter the pleadings are closed—but early enough not to delay trial…"  Fed. R. Civ. P.

2

12(c).  "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir.2010) (citing *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-12 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.2007) (internal citations and quotation marks omitted).

### III.

Plaintiffs contend that because Nally admitted portions of the allegations against it, this Court should declare that Nally is "liable for violating the terms of its permit and the [CWA]." [R. 18-1.]  They assert that Nally fully admits the allegations in the following paragraphs: 58, 59, 60, 61, 63, and admits a portion of paragraph 68. [R. 18.] Nally argues that it denied "there were ongoing reporting violations" and "asserted several defenses in its Answer." [R. 11, 21.]

### A.

According to Plaintiffs, "[Nally's] reporting violations have been ongoing for at least the past several years," and this conduct is "admitted in the Answer." [R. 18-1.]  In their Complaint, Plaintiffs focus on a period of years beginning with 2008 and ending with 2010, and the exhibits attached detail each violation from that period. [R. 1, 1-1, 1-2, 1-3.]  They use these allegations to infer that Nally's conduct is ongoing. [R. 1 ("Defendant's pattern and practice of submitting false and incomplete data over a period

3

of at least two years through 2010 also raises an inference that such practice is continuing through today, and will continue in the future unless enjoined by a court of law.").]

This is not, however, sufficient to establish an ongoing violation. "A citizen-plaintiff may establish that a violation was ongoing either '[(1)] by *proving* violations that continue on or after the date the complaint is filed, or [(2)] by adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations.'" *Allen County Citizens for the Environment, Inc.*, v. *BP Oil Co.*, 966 F.2d 1451, *2 (6th Cir. 1992) (emphasis added) (citing *Chesapeake Bay Found., Inc. v. Gwaltney of Smithfield, Ltd.*, 844 F.2d 170, 171-72 (4th Cir. 1988)). An inference does not equal proof, and nothing in Plaintiffs' Complaint, which was filed May 10, 2011, nor attached exhibits, provides the proof or evidence necessary to assign liability. Because the proper evidence was not tendered with the complaint, its existence, if in fact it is does exist, deserves a period of discovery in which to be located. *See id.* at *2 ("Following discovery, [defendant] moved for summary judgment, arguing that plaintiffs could not present any evidence which would permit a reasonable trier of fact to conclude that there were ongoing violations of any effluent limitation at the time the complaint was filed and therefore lacked standing as citizen-plaintiffs.")

**B.**

Conversely, Nally asserts that "the evidence will establish that [it] took corrective measures pursuant to an enforcement action initiated by the [Cabinet] prior to filing of Plaintiffs' Complaint to prevent further reporting errors." [R. 21.] State law allows a holder of a permit to promptly correct or add relevant information to an already submitted

report.[1]  Nally alleges that it availed itself of this provision, promptly providing the required information before the filing of Plaintiffs' complaint. [R. 21.]  Although not attached to Nally's pleadings, "Courts can always consider the law when evaluating a motion for judgment on the pleadings." *Estep v. City of Somerset, Ky*, 2011 WL 845847, *4 (E.D. Ky. 2011).  If Nally proves that it resolved its reporting violations before Plaintiffs filed their Complaint, then Plaintiffs may be prevented from continuing litigation. *See Tamaska v. City of Bluff City, Tennessee*, 26 Fed. Appx. 482, 485 (6th Cir. 2002).

### C.

The analysis to determine whether sufficient proof exists to establish an ongoing violation is different from the one undertaken to determine whether an ongoing violation has been alleged for jurisdictional purposes.  Nally disputes Plaintiffs' right to file suit because it believes this Court has no authority to preside over this matter. [R. 21.]  Nally's contention is that any reporting violations committed by it are wholly past violations.

The Supreme Court addressed this issue in *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49 (1987).  In that case the Court established that "citizens . . . may seek civil penalties only in a suit brought to enjoin or otherwise abate an ongoing violation," *id.* at 59, not "wholly past violations," *id.* at 64.  The Court concluded that a citizen-plaintiff need not prove their allegations of violations before jurisdiction attaches, it is only necessary "…that a defendant be '*alleged* to be in violation." *Id.* at 65. ("For standing, "sufficient 'allegations of fact' – *not proof* – in the

---

[1] "Where the permittee becomes aware that it failed to submit any relevant fact in a permit application, or submitted incorrect information in a permit application or in any report to the Cabinet, it shall promptly submit these facts or information." 401 KAR 5:065, Section 1(12)(h).

5

complaint or supporting affidavits," is enough to support.") (emphasis added). "[T]he Constitution does not require that the plaintiff offer this proof as a threshold matter in order to invoke the District Court's jurisdiction," instead, a good faith allegation suffices. *Id.*

The Sixth Circuit has adopted this approach. In *Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, before the court was a district court's decision to grant a motion for summary judgment based on standing and mootness concerns. The court opined that "standing concerns only whether a plaintiff has a viable claim that a defendant's unlawful conduct 'was occurring at the time the complaint was filed.'" *Id.* at 596. (citing *Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 523, 525 (6th Cir. 2001), cert. denied, 535 U.S. 971 (2002) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 184 (2000)). It "…is conferred by good faith allegations of continuous or intermittent violations," and requires examination of the complaint. *Id.* at 599.

Here, "on a motion for judgment on the pleadings, the Court may look only to the pleadings themselves and exhibits incorporated by reference into the complaint." *Dempsey v. City of Lawrenceburg*, 2010 WL 3633872, *1 (E.D. Ky. 2010) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)). Paragraph 77 of Plaintiffs' Complaint states the following:

> Defendant's violations of the [CWA] are *ongoing*. Defendant's pattern and practice of submitting false and incomplete data over a period of at least two years through 2010 also raises an inference that such practice is continuing through today, and will continue in the future unless enjoined by a court of law.

[R. 1 (emphasis added).] Plaintiffs attach to their Complaint exhibits outlining and describing each alleged violation between 2008 and 2010, [R. 1-1, 1-2, 1-3] which they assert "raises a *good faith belief* that such violations of its permit conditions are *ongoing*

6

*and continuing* and have been ongoing for the past five years," [R. 1-1 (emphasis added)]. Thus for purposes of this Rule 12(c) motion, the Court's jurisdiction is established. *See Gwaltney*, 484 U.S. at 64.

## IV.

These motions are granted when the pleadings clearly show that no other conclusion can be drawn. *JPMorgan Chase Bank, N.A.*, 510 F.3d at 581. That is not the case here given Nally's challenge to Plaintiffs' allegations, the need for more discovery, and insufficient evidence establishing the existence of ongoing violations.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Plaintiffs' Motion for Partial Judgment on the Pleadings [R. 18] is **DENIED**.

This 30th day of March, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge